

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00123-CR

_____

WILLIAM WALLACE FREY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 23030

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

William Wallace Frey appeals from the final adjudication of his guilt and sentence of twenty years' imprisonment for the offense of aggravated robbery with a deadly weapon.

Frey's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail, providing possible issues but explaining why they cannot succeed. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and a letter to Frey September 23, 2011, informing Frey of his right to file a pro se response and providing a copy of the record for his use in doing so. Frey filed his response November 28, 2011. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

We have reviewed the response filed by Frey as well as the brief by his counsel. Frey argues that the evidence is insufficient to support the original order placing him on deferred adjudication, that the plea was involuntary, that counsel was ineffective then because he did not realize that Frey had been taken off some unspecified type of mind-altering drug prescribed for some unspecified condition at the time of his original plea on deferred, and that the trial court abused its discretion because it did not verify the mental state of the appellant before allowing him

2

to plead guilty to an offense. Those issues are raised too late. Frey pled guilty pursuant to a plea agreement, and did not attempt to appeal from that ruling. He cannot do so now. *See Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999).

Frey's multiple remaining arguments all revolve around claimed ineffective assistance of counsel, that counsel did not do adequate discovery about the victim's criminal history in other states before the hearing on revocation, and that a *Brady* violation existed (without specifying what that violation might be).

Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the defendant must first prove that counsel's representation fell below an objective standard of reasonableness and also that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has failed to rebut the presumption that trial counsel's decision was in some way reasonable. *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). The actions complained of are either not ineffective on their face or have no basis in the record. Therefore, no genuinely arguable issue has been raised.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (U.S. 2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824,

3

826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[1]

Josh R. Morriss, III
Chief Justice

Date Submitted:     December 19, 2011
Date Decided:      December 21, 2011

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.